Judge Muit-s
delivered the opinion.
This is a esse of conflicting land claims, and was commenced in the old supreme court for the district of Ken-tucfcy; and, on the dissolution of that court, was transmuted :to this court while its original jurisdiction existed, and was here tried, and an interlocutory decree pronounced in favor of Smith,-the present plaintiff in error, and that opinion will be found reported at length in Hughes, S8. A rehearing was afterwards granted on the petition of Evans; and before the eause was again tried, the original jurisdic tfon of this court was taken away. This suit was then directed, by order -of this court, to the district court of Bardstown. The papers were not transmitted till the dis-tri.ct court system was abolished. In the year 1807, the papers were introduced into the Washington circuit court, within -whose jurisdiction the land lies Some time after this, Jereboam Beauchamp appeared in court, and filed a petition, suggesting that Evans, in his lifetime, had sold the land to some other person, who bad given his bond to Beauchamp .t-o convey -it; that Evaus’ heirs would not da- *218 fend the. suit, and prayed to be admitted as a defendant* This was granted, and an order made admitting him de-fendanl. This was exempted to on the part of Smith. Some time after, Beauchamp moved for, and obtained leave to file ao answer; and some time after that, an order granting leave to take new testimony. At a subsequent term, the defendant, Beauchamp, moved the court to eompel the complainant to reply to his answer, and on the complain* ant’s refusing to do so, the suit was wholly dismissed. Oh reconsidering this decision, the suit was reinstated again; but ultimately, Smith, the complainant* in the court below, was compelled to reply to save his suit. On the trialj Beauchamp objected te the reading of the copy of the entry in the nams of Guthrie, with assignments thereon to Smith, unless the assignments were proved. The objection was sustained, and the paper r jected. All these proceedings were excepted to, and are here assigned for error. The'xause progressed to trial, and the circuit court dismissed the complainant’s bill on the merits, and to reverse that decision, this writ of error is prosecuted.
We cannót concur with the court below in the rejection of the assignments of the entry without other proof, on 1h$ objection of Beauchamp, even if it be admitted that he was rightfully before the court. It was one of the papers filed and introduced into that court, when the suit was brought thither from this court, and Beauchamp in bis petition to be admitted as defendant there, expressly consents that “the depositions and exhibits” then filed, should be read for and against him. By this agreement he ought t« have been bound, and the paper used. We should, therefore, as to the heirs of Evans, consider the case with all the advantages, which that exhibit may give them. The complainant in his bill alleged, that he had surveyed. E-tans in his answer, professes ignorance of his title, and denies any interference in their surveys. The surveyor, ia making his report in this cause, reports a figure as the complainant’s survey. This is all the evidence in the cause, that Smith has ever surveyed No official plat and certificate from either surveyor or register is produced, by which Smith himself would be bound, Nor is there any patent. The report of this case in Hughes states, there is a survey and patent; but no such thing exists in the record. According, then, to former decisions of Ibis court, the plaintiff^ Smith, could be entitled to no decree against Elans’ heirs. *219 And anlthough the case was formerly deckled by this court, yet that decree was interlocutory, and a rehearing Was granted. And the court, to which the papers were transmitted ought, both by a sound construction of the statutes sending the suit thither, a< d also the reason of the case, to possess the same power over the record, which this court did after the rehearing was granted. The decision of the court below as to Evans’ heirs, is therefore deemed correct. But the case of Beauchamp is somewhat different As was heretofore decided by this court, the proceedings of a chancery court admit not of strangers as defendants on their own motion, as courts of law can do in an ejectment. But the chancellor ha the power to protect the iulerest of a person unknown in the suit, when that interest might be seriously affected, by-compelling the complainant to put the cause in an attitude, to allow such strangers to be heard. This, however, Beauchamp did not apply for, in a proper mode; and if he bad, he produced not the least scrap of title, or writing, shewing any privity between himself and Evans or bis heirs, and only alleged such to be the fact in bis petition. Such naked statements, could not warrant the interposition of the chancellor in his favor. The admission of him, therefore, and all subsequent proceedings and preparations consequent thereupon, we deem wholly erroneous, and they must be reversed with costs as to Beau* champ, and the canse remanded, with directions to the court below, to decree against him all costs of these proceedings from their commencement to the termination of the suit. As to Evans’ heirs, the decree must be affirmed with costs.
Daviess & Liltel for appellants.